UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN OSTERGREN, ERIC OSTERGREN,
EASY PAYMENT SOLUTIONS, L.L.C.,
EPAYSELECT, L.L.C.,

        Plaintiffs,

v.

Case Number 07-15281-BC
Honorable Thomas L. Ludington

GEOFFREY J. MALONEY,
KATHLEEN M. MALONEY,
DAVID A. JACKSON, DANIEL A. GORDON,
BONNIE GORDON, GLENN SIEGLER,
WILLIAM MALONEY, JAMES MALONEY,
KEVIN MALONEY, JOHN MILLER, ERIC
HOLLER, PETER QUITTMEYER,
SUTHERLAND, ASBILL & BRENNAN,
*Attorneys at Law*,

        Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT, GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND, AND DENYING PLAINTIFFS' MOTION TO DISMISS PARTIES

On December 7, 2007, Plaintiffs Eric and Karen Ostergren, Easy Payment Solutions, L.L.C. (EPS), and ePayment, L.L.C. (EP) filed suit against the several defendants. On January 17, 2008, Defendants Peter Quittmeyer and the law firm of Sutherland, Asbill, & Brennan filed a motion to dismiss. On February 21, 2008, Plaintiffs filed a response, in which they also requested leave to amend their complaint, as well as a motion to dismiss Plaintiffs Easy Payment Solutions, L.L.C., and ePayment, L.L.C. ("limited liability companies") from the suit. In their motion, Plaintiffs took the novel position that, notwithstanding a complaint filed on behalf of all four plaintiffs, only two of the plaintiffs were represented by counsel and, thus, Plaintiff limited liability companies should not be

parties to the action.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I.

Although not immediately apparent from the complaint, this case appears to involve disputes about the fiscal viability and the appropriate response to financial struggles of an internet business that provided "more-frequently-than-monthly payment services to persons with monthly payment installment loans or lease obligations in vertical markets." Pl. Cplt. ¶ 24. Plaintiff Eric Ostergren is the president and a manager of Plaintiff EPS. He states that the most significant "number of units of membership interest" comprises a 28.96% ownership interest of Plaintiff EPS. *Id*. at ¶ 33. He is also, allegedly, the inventor of the afore-mentioned "concept." *Id*. at ¶ 78. Plaintiff EP is a wholly owned subsidiary of Plaintiff EPS that operates as its marketing and processing arm. Plaintiff Karen Ostergren, along with her husband Eric, is a manager at and a 7.3% owner of Plaintiff EPS.

Plaintiffs maintain that Defendants Geoffrey Maloney, Glenn Siegler, and David Jackson, who are all members of Plaintiff EPS (at 3.00%, 5.00%, and 13.59% ownership, respectively), breached contractual obligations to generate clients for Plaintiff EPS. Plaintiffs also suggest that Defendant Geoffrey Maloney and his son, Defendant William Maloney, have breached fiduciary duties to Plaintiff EPS by separately retaining its legal counsel, Defendant Peter Quittmeyer of Defendant law firm, to create a business using Plaintiff Eric Ostergren's "concept."

Finally, Plaintiffs assert that Defendant Geoffrey Maloney, purportedly on behalf of Defendant Siegler, contacted Plaintiff Eric Ostergren. Allegedly, Defendant Siegler offered to accept $125,000 if he did not pursue his theory that Plaintiff EPS was using software that Plaintiff Karen Ostergren allegedly stole from her employer. Plaintiffs deny that accusation and state that Plaintiff Eric Ostergren then terminated Defendants Geoffrey Maloney and Siegler as officers of Defendant EPS.

Plaintiffs' claims, although not always precisely identified as to particular defendants, appear to be the following: (1) a request to dissolve Plaintiff EPS and place it in receivership (count I); (2) Defendants Geoffrey Maloney, Siegler, and Jackson's alleged breach of contractual obligations owed to Plaintiff EPS (counts II through IV); (3) misappropriation of intellectual property, possibly against Defendants Geoffrey Maloney, William Maloney, Quittmeyer, and law firm (count V); (4) assorted theories advanced by Plaintiff EPS pertaining to legal malpractice against Defendants Quittmeyer and law firm, including breach of attorney-client relationship, conflict of interest, violation of state professional conduct rules, negligent inducement of reliance, breach of fiduciary duty, "breach and proximate causation" (counts VI through XII); and (5) defamation and attempted extortion of Plaintiffs Eric and Karen Ostergren by Geoffrey Maloney and Siegler (count XIII).

Also named as defendants, although the basis for their inclusion is less clear, are the following shareholders of Plaintiff EPS: Defendant Kathleen Maloney (Defendant Geoffrey Maloney's wife), Defendants Daniel and Bonnie Gordon, Defendant James Maloney (allegedly a family member of Defendant Geoffrey Maloney), Defendant Kevin Maloney (allegedly a family member of Defendant Geoffrey Maloney), Defendant John Miller, and Defendant Eric Holler.

The citizenship of Plaintiffs is as follows. Plaintiffs Ostergren are citizens of Michigan.

Plaintiff EPS is a Delaware limited liability company. Its members are Plaintiffs Ostergren and 11 of the 13 defendants, specifically Defendants Geoffrey, Kathleen, William, James, and Kevin Maloney, Defendant Jackson, Defendants Daniel and Bonnie Gordon, Defendant Siegler, Defendant Miller, and Defendant Holler. Plaintiff EP is a Delaware limited liability company. Plaintiffs' complaint does not identify the members of Plaintiff EP, other than to assert that it is wholly owned by Plaintiff EPS.

Defendants Geoffrey, Kathleen, William, James, and Kevin Maloney, Daniel and Bonnie Gordon, and Quittmeyer are residents of Georgia. Defendants Jackson, Siegler, and Holler are residents of Florida. Defendant Miller is a resident of Massachusetts. Defendant law firm is assertedly a resident of Georgia, although the complaint does not state its business structure or make any allegations sufficient to support the claim of Georgia citizenship for a business entity whose structure is unidentified.

At multiple junctures of the complaint, Plaintiffs assert damages in excess of $75,000. Defendants Quittmeyer and law firm filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 327 (6th Cir. 2007) (citations and internal quotations omitted); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320,

325 (6th Cir. 1990).

### III.

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the parties, such that the citizenship of any of the plaintiffs is not shared by the citizenship of any of the defendants. *See Glancy v. Taubman Ctrs.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). On a point that has received direct attention from the Sixth Circuit in a published decision, the citizenship of a limited liability partnership is determined by the citizenship of its partners. *Id*. at 672 ("[A] limited partnership is a citizen of each state in which its partners (general or limited) are citizens.") (citation omitted). Similarly, the citizenship of a limited liability company is determined by the citizenship of its members. *Homfeld II v. Comair* Holdings, 53 Fed. Appx. 731, 732 (6th Cir. 2002) (stating that "a limited liability company is not treated as a corporation and has the citizenship of its members"); *International Flavors and Textures, LLC v. Gardner*, 966 F. Supp. 552, 554-555 (W.D. Mich. 1997) (holding that "[t]he citizenship of an unincorporated association, at least for purposes of diversity jurisdiction, is the citizenship of each of its members" and applying that rule to "to entities created pursuant to the Michigan limited liability act").

Here, the members of Plaintiff EPS, a limited liability company, are Plaintiffs Ostergren, as well as Defendants Geoffrey, Kathleen, William, James, and Kevin Maloney, Defendant Jackson, Defendants Daniel and Bonnie Gordon, Defendant Siegler, Defendant Miller, and Defendant Holler. By definition, then, the citizenship of Plaintiff EPS and several of the defendants is the same. The complaint does not explicitly identify the members of Plaintiff EP, also a limited liability company, although ¶ 5 of the complaint parenthetically asserts that "unless otherwise noted, EPS refers to both

EPS and [EP]". At a minimum, the presence of Plaintiff EPS as a plaintiff, even for derivative claims, destroys diversity jurisdiction, and the presence of Plaintiff EP may do the same. The absence of jurisdictional pleadings as to Plaintiff EP, however, also prevents the Court from concluding that complete diversity exists between the parties. Consequently, the Court will grant Defendants Quittmeyer and law firm's motion to dismiss.

Plaintiffs, in their response and in a separate motion, acknowledge the difficulty that the continued presence of Plaintiff limited liability companies creates for the exercise of jurisdiction of this Court. Plaintiffs represent that they "should not have added" those parties and now seek "to take a nonsuit or dismiss" them. Pl. Rs., p. 2 [dkt #20]. Plaintiffs further state that "[a]ttorneys Skinner and Richards were not hired by the LLC, therefore, the LLC currently does not have an attorney." Pl. Mot. to Dismiss [EPS and EP], p. 2 [dkt #21]. Defendants have not stipulated to the dismissal of Plaintiff limited liability companies. In the alternative, Plaintiffs request leave to amend their complaint.

Federal Rule of Civil Procedure 15 requires courts to grant leave to amend liberally, and Plaintiffs have requested that relief. Given the claims that they have asserted, however, any amendment must be carefully considered. Plaintiffs' claims in the current complaint appear to focus on obligations owed to Plaintiff EPS. It is not apparent that Plaintiffs Ostergren were either parties to separate contracts themselves or that they directly retained Defendants Quittmeyer and law firm. Accordingly, Plaintiffs, in amending their complaint, will need to consider what claims would remain to individual plaintiffs, should they elect to withdraw the limited liability company plaintiffs as parties to the litigation. The Court will not, however, grant Plaintiffs' extraordinary request that

Plaintiff limited liability companies be dismissed[1] without attention to what substantive claims were advanced and what substantive claims remain.

IV.

Accordingly, it is **ORDERED** that Defendant Quittmeyer and the law firm of Sutherland, Asbill, & Brennan's motion to dismiss [dkt #6] is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiffs' request for leave to amend is **GRANTED**. Plaintiffs shall file any amended complaint on or before **April 29, 2008**. Failure to file an amended complaint shall result in the dismissal of the case without prejudice, as the Court granted the motion to dismiss Plaintiffs' initial complaint.

It is further **ORDERED** that Plaintiffs' motion to dismiss Plaintiffs EPS and EP [dkt #21] is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: April 15, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2008.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---

[1] Counsel for Plaintiffs suggests that Plaintiff limited liability companies are somehow not party to the litigation they initiated.